UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22216-Bloom/Otazo-Reyes

SARA VIDAL,

    Plaintiff,

v.

ANDREW M. SAUL,
*Commissioner of Social Security*,

    Defendant.

_____/

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon Plaintiff Sara Vidal's ("Plaintiff") Application to Proceed in District Court without Paying Fees or Costs, ECF No. [3] ("Motion"), filed on June 16, 2021. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *see* 28 U.S.C. § 1915(a)(1). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using

HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

In the Motion, Plaintiff represents that she currently has $3,000.00 in cash or a checking or savings account, but that she is not employed and has no income. ECF No. [3] at 1-2. In addition, Plaintiff's daughter pays for all her monthly expenses, including approximately $1,100.00 for medical bills, $500.00 for groceries, $95.00 for car insurance, $80.00 for gas, and $75.00 for cell phone payments. *Id.* at 2. Plaintiff also states that she owns a home worth approximately $425,000.00, but that she has not been able to make her mortgage payments of $2,725.00 in over a year. *Id.* Plaintiff further explains that the bank has deferred her monthly mortgage payments due to the COVID-19 pandemic. *Id.*

Based on the foregoing, the Court finds that Plaintiff is unable to pay the required filing fee as required for indigent status under section 1915. Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [3],** is **GRANTED**. The Clerk of Court shall issue the summonses attached to the Complaint for service by the United States Marshal Service ("USMS"). The USMS shall effectuate service **no later than July 18, 2021**.

Case No. 21-cv-22216-Bloom/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 17, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record